No. ——
First Circuit

RAGAN v. GRAND LODGE K. OF P.

(January 28, 1926, Opinion and Decree)

(*Syllabus by the Editor*)

1. Louisiana Digest—Appeal—Par. 424, 429, 512.

An appeal from an interlocutory judgment overruling an exception to the jurisdiction which was only entered on the minutes and not written and signed, is a frivolous appeal and will be dismissed.

Appeal from the Parish of Iberia. Hon. James Simon, Judge.

Action by J. W. Ragan, administrator, against Grand Lodge, K. of P.

An appeal was taken by the defendant to an interlocutory judgment overruling a petition to the jurisdiction.

Appeal dismissed as frivolous.

L. P. Bryant, of Jeanerette, attorney for plaintiff.

F. B. Smith, of New Orleans, attorney for defendant.

LECHE, J. This appeal is from an unsigned interlocutory judgment. Defendant, alleging that it is domiciled in the city of New Orleans in this state, excepted to the jurisdiction of the Sixteenth Judicial District Court, sitting in the Parish of Iberia. That exception was overruled and though the judgment overruling the exception was only interlocutory and was only entered on the minutes and not written and signed, the trial judge nevertheless permitted defendant to appeal therefrom. Judgment overruling exceptions in the preliminary trial of a case which is appealable are interlocutory, and not subject to a separate appeal unless they cause an irreparable injury, for they may always be reviewed

on the appeal of the case after trial and final judgment.

But appellee has made no objection to the appeal nor has he moved to dismiss, and construing his failure to do so as an admission on his part that the ruling does cause an irreparable injury, this court is loath to dismiss the appeal ex proprio motu.

The defendant is a fraternal benefit society engaged in insuring the lives of its members. That fact is alleged and practically admitted in the exception, and for that reason defendant clearly comes under the exception to the general rule, according to paragraph 10 of Article C. P. 165, as amended by Act 22 of 1894 and Act 44 of 1910. Suit at domicile of plaintiff even in the case of claims on accident policies, is now sanctioned by Act 21 of 1914. The appeal in this case appears to us to be frivolous, and it is dismissed at the cost of appellant.